IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAR 19 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DEWAYNE ANTHONY MINOR,

Petitioner,

v.  Civil Action No. 3:19CV531

WARDEN, SUSSEX I STATE PRISON,

Respondent.

## MEMORANDUM OPINION

Dewayne Anthony Minor, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Minor has responded. (ECF No. 14.) For the reasons set forth below, the Motion to Dismiss (ECF No. 6) will be GRANTED.

### I. PROCEDURAL HISTORY

Following a jury trial, Minor was convicted of one count of abduction, one count of robbery, and two counts of use of a firearm in the commission of a felony. (*See* ECF No. 8–1, at 1; *see also* ECF No. 8–2, at 1.) The Circuit Court sentenced Minor to a total of thirty-five years of incarceration. (ECF No. 8–1, at 2.)

Minor appealed. (*See* ECF No. 8–2, at 1.) On March 30, 2017, the Court of Appeals of Virginia denied Minor's petition for appeal. (*Id.*) Minor pursued a further appeal to the Supreme

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, italicization, and spelling in the quotations from Minor's submissions.

Court of Virginia. (*See* ECF No. 8–3, at 1.) On December 1, 2017, the Supreme Court of Virginia refused Minor's petition for appeal. (*Id.*)

On February 27, 2019, Minor filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 8–4, at 1–12.) On July 2, 2019, the Supreme Court of Virginia dismissed Minor's state habeas petition as untimely because "the petition was not filed within one year from the December 1, 2017 final disposition of [Minor's] direct appeal." (ECF No. 8–5, at 1 (citing Va. Code Ann. § 8.01–654(A)(2).)

On July 9, 2019, Minor filed the instant § 2254 Petition.[2] In his § 2254 Petition, Minor asserts the following claims for relief:

> Claim One: Minor received ineffective assistance from counsel when (a) counsel "fail[ed] to move to suppress statements made by [Minor] during a custodian interview with Detective Cutshall in violation of [Minor's] *Miranda*[3] rights" (Mem. Supp. § 2254 Pet. 1, ECF No. 1-1); (b) counsel "fail[ed] to file a discovery motion and request a list of the Commonwealth's witnesses since previous counsel had withdrawn from the case" (*id.* at 2); (c) counsel "fail[ed] to request during [Minor's] sentencing phase that the firearm convictions be run concurrently with one another" (*id.* at 3); and, (d) counsel "fail[ed] to object to erroneous instructions given to the jury during the punishment phase for [Minor's] firearm convictions." (*Id.* at 4.)
>
> Claim Two: Minor's "due process rights to a fundamental fair trial" were violated due to the Circuit Court's "failure to grant [Minor's] refused jury instruction which attempted to educate the jury as to the potential weakness of eyewitness identification." (*Id.* at 5.)
>
> Claim Three: The evidence was insufficient to support Minor's convictions because (a) "[t]he evidence failed to support a separate abduction conviction where [Minor's] command

---

[2] This is the date that Minor states that his § 2254 Petition was deposited in the prison mailing system. (§ 2254 Pet. 15.) The Court deems Minor's § 2254 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

that [the victim,] Grubb, turn around was inherent in the robbery" (*id.* at 6); and, (b) "[t]he evidence failed to prove [Minor's] identity as the perpetrator of the crimes alleged." (*Id.* at 7.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Minor's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Minor's conviction became final on March 1, 2018, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

The statute of limitations began running on March 2, 2018. Minor had one year, or until March 2, 2019, to file a petition pursuant to 28 U.S.C. § 2254. Minor filed his § 2254 Petition on July 9, 2019, approximately four months after the expiration of the limitation period.

### C. No Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). Minor filed a state habeas petition on February 27, 2019, which the Supreme Court of Virginia dismissed on July 2, 2019 as untimely because "the petition was not filed within one year from the December 1, 2017 final disposition of [Minor's] direct appeal." (ECF No. 8–5, at 1 (citing Va. Code Ann. § 8.01–654(A)(2).) A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Thus, because Minor's state habeas petition was not properly filed, *see id.*, Minor lacks entitlement to statutory tolling for the period in which he pursued his untimely state habeas petition in the Supreme Court of Virginia.

4

Accordingly, the federal limitation period began to run on March 2, 2018, and Minor had until March 2, 2019 to file his federal habeas petition. Minor failed to file his § 2254 Petition until July 9, 2019. Thus, the § 2254 Petition is barred by the statute of limitations unless Minor demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or some equitable exception renders the § 2254 Petition timely.

### D. No Equitable Tolling or Belated Commencement of the Limitation Period

As explained below, neither Minor nor the record suggests any plausible basis for equitable tolling or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D).

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he [or she] shows '(1) that he [or she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he or she fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Minor contends that he timely filed his § 2254 Petition pursuant to "28 U.S.C. § 2244(d)(1)(A) and (2)." (§ 2254 Pet. 13.) Minor's assertion that he timely filed his § 2254 Petition is premised on his belief that "the Supreme Court of Virginia erroneously dismissed [his] state habeas petition as untimely." (Resp. 2, ECF No. 14.) Specifically, Minor argues that he timely filed his state habeas petition on February 20, 2019, the date on which he deposited the petition in the prison mail system, and "the statute of limitations was tolled between February 20, 2019, and July 2, 2019, the time during which Minor's state habeas petition was pending." (*Id.*) However, Minor is incorrect.

To timely file his state habeas petition, Minor was required to comply with Va. Code Ann. § 8.01–654(A)(2). This statute provides, in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2020). With respect to Minor's direct appeal in state court, the Supreme Court of Virginia denied Minor's petition for appeal on December 1, 2017. (ECF No. 8–3, at 1.) Pursuant to Va. Code Ann. § 8.01–654(A)(2), Minor had until December 1, 2018 to timely file his state habeas petition. Minor failed to file his state habeas petition by that date, and instead, he filed his state habeas petition more than two months later in February of 2019.

Minor provides no further explanation or argument to suggest any plausible basis for equitable tolling. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (explaining that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Further, neither Minor nor the record suggests any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, the § 2254 Petition is barred by the statute of limitations.

### III. MINOR'S REQUEST FOR EVIDENTIARY HEARING

In Minor's § 2254 Petition, he requests, *inter alia*, that the Court grant him "an evidentiary hearing." (§ 2254 Pet. 15.) In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the

6

opportunity "to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted); *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). A federal court must also consider the standards set forth in 28 U.S.C. § 2254 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Here, based on a thorough evaluation of Minor's claims and the record before the Court, the Court concludes that the statute of limitations bars the § 2254 Petition. Therefore, the Court concludes that habeas relief under § 2254 is not warranted. Minor's request for an evidentiary hearing (§ 2254 Pet. 15) will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 6) will be GRANTED. Minor's request for an evidentiary hearing (§ 2254 Pet. 15) will be DENIED. Minor's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Final Order shall issue.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Date: March 19, 2020
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & 4 (1983)). Minor fails to meet this standard.

7